FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# May 18, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE B.,[1]<br><br>                    Plaintiff,<br><br>    vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | No. 4:20-cv-05118-MKD<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND DENYING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>ECF Nos. 17, 19 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 19. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

motion, ECF No. 17, and denies Defendant's motion, ECF No. 19.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

1   rational interpretation, [the court] must uphold the ALJ's findings if they are

2   supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

3   F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

4   ALJ's decision on account of an error that is harmless." *Id.* An error is harmless

5   "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

6   *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's

7   decision generally bears the burden of establishing that it was harmed. *Shinseki v.*

8   *Sanders*, 556 U.S. 396, 409-10 (2009).

9                          **FIVE-STEP EVALUATION PROCESS**

10          A claimant must satisfy two conditions to be considered "disabled" within

11  the meaning of the Social Security Act. First, the claimant must be "unable to

12  engage in any substantial gainful activity by reason of any medically determinable

13  physical or mental impairment which can be expected to result in death or which

14  has lasted or can be expected to last for a continuous period of not less than twelve

15  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's

16  impairment must be "of such severity that he is not only unable to do his previous

17  work[,] but cannot, considering his age, education, and work experience, engage in

18  any other kind of substantial gainful work which exists in the national economy."

19  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

20

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.

Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 18, 2016, Plaintiff applied both for Title II disability insurance

benefits and Title XVI supplemental security income benefits alleging a disability

onset date of September 5, 2017.  Tr. 25, 88, 103, 211-25.  The applications were

denied initially and on reconsideration.  Tr. 136-43, 148-55.  Plaintiff appeared

before an administrative law judge (ALJ) on May 21, 2019.  Tr. 42-73.  On June

25, 2019, the ALJ denied Plaintiff's claim.  Tr. 22-41.

ORDER - 6

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through September 30, 2018, has not engaged in substantial gainful activity since January 1, 2016.  Tr. 27.  At step two, the ALJ found that Plaintiff has the following severe impairments: morbid obesity, fibromyalgia, asthma, major depressive disorder, generalized anxiety disorder, social anxiety disorder, and attention deficit hyperactivity disorder.  Tr. 27.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 28.  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can stand and/or walk an hour at a time; [Plaintiff] cannot climb ladders or scaffolds; cannot crouch or crawl; can only occasionally climb ramps and stairs and occasionally stoop; [Plaintiff] should avoid all exposure to unprotected heights, avoid occasional exposure to pulmonary irritants; [Plaintiff's] work is limited to simple routine tasks (that would be reasoning level of three or less); and work would involve only occasional and superficial interaction with the public and coworkers.

Tr. 30.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work.  Tr. 33.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as addresser, document preparer, and escort vehicle

ORDER - 7

driver.  Tr. 34.  Therefore, the ALJ concluded Plaintiff was not under a disability,

as defined in the Social Security Act, from the alleged onset date of January 1,

2016, through the date of the decision.  *Id.*

On June 11, 2020, the Appeals Council denied review of the ALJ's decision,

Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her disability insurance benefits under Title II of the Social Security Act and add

Title XVI].  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

2.  Whether the ALJ properly evaluated the medical opinion evidence; and

3.  Whether the ALJ conducted a proper step-five analysis.

ECF No. 17 at 3-4.

## DISCUSSION

### A. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and

convincing in discrediting her symptom claims.  ECF No. 17 at 6-9.  An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

ORDER - 8

1    "First, the ALJ must determine whether there is objective medical evidence of an

2    underlying impairment which could reasonably be expected to produce the pain or

3    other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

4    "The claimant is not required to show that [the claimant's] impairment could

5    reasonably be expected to cause the severity of the symptom [the claimant] has

6    alleged; [the claimant] need only show that it could reasonably have caused some

7    degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

8          Second, "[i]f the claimant meets the first test and there is no evidence of

9    malingering, the ALJ can only reject the claimant's testimony about the severity of

10   the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

11   rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

12   omitted). General findings are insufficient; rather, the ALJ must identify what

13   symptom claims are being discounted and what evidence undermines these claims.

14   *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995; *Thomas v.*

15   *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

16   explain why it discounted claimant's symptom claims)). "The clear and

17   convincing [evidence] standard is the most demanding required in Social Security

18   cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

19   *Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

20

ORDER - 9

1    Factors to be considered in evaluating the intensity, persistence, and limiting

2    effects of a claimant's symptoms include: 1) daily activities; 2) the location,

3    duration, frequency, and intensity of pain or other symptoms; 3) factors that

4    precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

5    side effects of any medication an individual takes or has taken to alleviate pain or

6    other symptoms; 5) treatment, other than medication, an individual receives or has

7    received for relief of pain or other symptoms; 6) any measures other than treatment

8    an individual uses or has used to relieve pain or other symptoms; and 7) any other

9    factors concerning an individual's functional limitations and restrictions due to

10    pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

11    404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

12    an individual's record," to "determine how symptoms limit ability to perform

13    work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

14    The ALJ found that Plaintiff's medically determinable impairments could

15    reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

16    statements concerning the intensity, persistence, and limiting effects of her

17    symptoms were not entirely consistent with the evidence.  Tr. 30.

18    *1. Inconsistent Objective Medical Evidence*

19    The ALJ found Plaintiff's symptom claims are inconsistent with the

20    objective medical evidence.  Tr. 31-32.  An ALJ may not discredit a claimant's

ORDER - 10

symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). Mental status examinations are objective measures of an individual's mental health. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

The ALJ found Plaintiff's reported physical symptoms were not as severe as she claimed. Tr. 31-32. Multiple medical providers noted Plaintiff ambulated well, had normal range of motion, and had generally normal physical examinations. Tr. 31 (citing, e.g., Tr. 377, 422, 469, 543). While Plaintiff met the diagnostic criteria for fibromyalgia, the condition was generally noted in passing, and Plaintiff had little treatment for the condition. Tr. 31 (citing Tr. 328, 1066-1265). Plaintiff was found to not have any tenderness at multiple examinations. Tr. 559, 710, 730, 908. Plaintiff's asthma was also stable, mild, intermittent, and well-controlled, and pulmonary testing was generally normal. Tr. 32 (citing, e.g., Tr. 501, 559, 1113, 1119).

ORDER - 11

1    Next, the ALJ found Plaintiff's reported mental health symptoms were not

2 as severe as she claimed.  Tr. 32.  The medical records generally describe

3 intermittent mild to moderate symptoms that improved with treatment.  *Id.* (citing,

4 e.g., Tr. 787, 845, 863).  Plaintiff often had a normal mood and affect, and in

5 October 2017, her depression was described as in full remission.  *Id.* (citing, e.g.,

6 Tr. 377, 760, 1145, 1171).  Plaintiff contends the ALJ erred in finding the objective

7 evidence is inconsistent with her symptom complaints, as she had an abnormal

8 mood and affect on multiple occasions, and she reported ongoing depression and

9 anxiety in May 2018, which demonstrates her symptoms were not in full remission

10 after October 2017.  ECF No. 17 at 8-9 (citing Tr. 1171); ECF No. 20 at 3.  The

11 May 2018 record does not contain a mental status examination, and only notes

12 Plaintiff did not have sleep disturbance nor suicidal ideation but was positive for

13 anxiety and depression.  Tr. 1171.  Although there are some abnormalities in the

14 records, such as depressed/anxious mood, impaired memory, and weak fund of

15 knowledge, Tr. 501, 639, 666, the medical records generally demonstrate normal

16 mental status findings, including normal orientation, memory, judgment, and

17 insight.  Tr. 422, 469, 600, 612, 742, 757.

18    On this record, the ALJ reasonably concluded that the objective medical

19 evidence is not consistent with Plaintiff's complaints of disabling symptoms.  This

20 finding is supported by substantial evidence and was a clear and convincing

reason, along with the other reasons offered, to discount Plaintiff's symptoms complaints.

### 2. Improvement with Treatment

The ALJ found Plaintiff's symptom claims are inconsistent with Plaintiff's improvement with treatment. Tr. 32. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

The ALJ found Plaintiff's symptoms improved with treatment. Tr. 32. Plaintiff's asthma was well-controlled with treatment. *Id.* (citing Tr. 501, 1113, 1119). Plaintiff reported her psychiatric medications were helpful, and she was observed frequently as having normal mood and affect. Tr. 32 (citing Tr. 787-889). In October 2017, Plaintiff's depression was noted as in full remission. Tr. 32 (citing Tr. 1145). Plaintiff argues she did not have sustained full remission with treatment, as she had ongoing anxiety and depression. ECF No. 17 at 8-9. However, the records demonstrate Plaintiff had improvement with treatment.

ORDER - 13

1  Plaintiff reported improvement in her depression with medication, Tr. 843, 845,

2  she reported her anhedonia was improving, Tr. 845, and she reported overall

3  improvement in her mood with only mild depression and anxiety when consistently

4  taking her medication, Tr. 878.  On this record, the ALJ reasonably concluded that

5  Plaintiff's impairments when treated were not as limiting as Plaintiff claimed.  This

6  finding is supported by substantial evidence and was a clear and convincing reason

7  to discount Plaintiff's symptoms complaints.

8      *3.  Situational Stressors*

9      The ALJ found Plaintiff's symptoms were caused in part by situational

10  stressors.  Tr. 32.  If a claimant suffers from limitations that are transient and result

11  from situational stressors, as opposed to resulting from a medical impairment, an

12  ALJ may properly consider this fact in discounting Plaintiff's symptom claims.

13  *See Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir. 2016) (symptom testimony

14  properly rejected in part because "the record support[ed] the ALJ's conclusion that

15  [plaintiff's] mental health symptoms were situational"); *but see Bryant v. Astrue*,

16  No. C12-5040-RSM-JPD, 2012 WL 5293018, at *5-7 (W.D. Wash. Sept. 24, 2012)

17  (concluding Plaintiff's stressors appeared to have a constant presence affecting

18  ability to work on a continuing basis, rather than temporary exacerbation).

19      Here, Plaintiff reported on multiple occasions that her symptoms were

20  exacerbated by situational stressors and improved when the stressors were

ORDER - 14

removed.  Tr. 814, 845, 863, 868.  Plaintiff reported ongoing familial and financial

stressors.  Tr. 863.  Plaintiff attributed some of her depressive symptoms to the

stress of having teens at home.  Tr. 845.  Plaintiff attributed some ongoing anxiety

to her son's recent car accident in which he was at fault for injuring a pedestrian.

Tr. 814.  Plaintiff reported decreased anxiety due to improvement in social

stressors because her son graduated.  Tr. 868.  Plaintiff argues the record

demonstrates ongoing symptoms despite the impact of external stressors, ECF No.

20 at 3, however the ALJ reasonably found Plaintiff's symptoms were caused in

part by external stressors not related to her disability.  This was a clear and

convincing reason, supported by substantial evidence, to reject Plaintiff's symptom

claims.

### 4. Lack of Treatment

The ALJ found Plaintiff's lack of treatment for her fibromyalgia is

inconsistent with Plaintiff's symptom claims.  Tr. 30.  An unexplained, or

inadequately explained, failure to seek treatment or follow a prescribed course of

treatment may be considered when evaluating the claimant's subjective symptoms.

*Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  However, disability benefits

may not be denied because of the claimant's failure to obtain treatment he cannot

obtain for lack of funds.  *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).

ORDER - 15

1    The ALJ found Plaintiff's lack of treatment for her fibromyalgia was

2  inconsistent with Plaintiff's symptom complaints.  Tr. 31.  The ALJ noted Plaintiff

3  did not have ongoing active medical treatment for the condition, nor was she

4  prescribed medication to treat her fibromyalgia.  *Id.*  Plaintiff contends the ALJ

5  erred in failing to consider that she lacked insurance from October 2018 onward,

6  and she was unable to afford medication.  ECF No. 17 at 8 (citing Tr. 47-48).

7  Plaintiff also argued the ALJ failed to consider her intolerance to many

8  medications.  ECF No. 20 at 5.  Plaintiff reported to a provider she would be losing

9  her insurance in July 2017.  Tr. 793-94.  Plaintiff reported difficulty affording

10 essentials in September 2017.  Tr. 804.  The medical records reflect that Plaintiff

11 had difficulty obtaining medication and could not afford follow-up appointments

12 due to a lack of insurance, and she reported sensitivity to medications.  Tr. 888-89.

13 The ALJ erred in finding Plaintiff's lack of treatment was inconsistent with her

14 symptom claims, without considering the reasons for the lack of treatment.

15 However, the error is harmless because the ALJ offered other clear and convincing

16 reasons to reject Plaintiff' symptom claims.  *See Molina,* 674 F.3d at 1115.

17    *5. Activities of Daily Living*

18    The ALJ found Plaintiff's symptom claims are inconsistent with Plaintiff's

19 activities of daily living.  Tr. 28-32.  The ALJ may consider a claimant's activities

20 that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can

ORDER - 16

1  spend a substantial part of the day engaged in pursuits involving the performance

2  of exertional or non-exertional functions, the ALJ may find these activities

3  inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina*,

4  674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to

5  be eligible for benefits, the ALJ may discount a claimant's symptom claims when

6  the claimant reports participation in everyday activities indicating capacities that

7  are transferable to a work setting" or when activities "contradict claims of a totally

8  debilitating impairment." *Molina*, 674 F.3d at 1112-13.

9        Here, the ALJ found Plaintiff's activities of daily living are inconsistent with

10 Plaintiff's symptom claims. Tr. 28-31. Plaintiff reported she is able to prepare

11 meals, pay bills, shop, and drive. Tr. 28 (citing Tr. 57-62, 304-11). Plaintiff was

12 described as pleasant and cooperative, she was able to communicate with medical

13 providers and respond to question appropriately, and she reported she is able to

14 live with others and get along with authority figures. Tr. 28-29 (citing Tr. 47, 304-

15 11, 443, 637). Plaintiff reported she is able to handle her self-care and hygiene,

16 care for pets, and care for her children, and she was observed as having appropriate

17 grooming/hygiene. Tr. 29 (citing Tr. 59-60, 304-11, 388, 441). Plaintiff argues

18 her activities are not inconsistent with her symptom claims, as she had difficulties

19 with some of the activities, such as needing to leave aisles when shopping if there

20 are people in the aisle, being unable to finish chores due to distraction, and needing

ORDER - 17

assistance from her husband with tasks including childcare.  ECF No. 20 at 4-5 (citing Tr. 57-58).  However, the records support a finding that Plaintiff engaged in a wide variety of activities, that when considered in their totality, are inconsistent with her reported disabling limitations.  Plaintiff reported caring for two foster children, ages three years old and three months old, and providing care for her child who was seven at the time of her hearing.  Tr. 47.  Plaintiff reported caring for one or more of the children alone for one or more hours per day until her husband came home from work.  Tr. 60.  Plaintiff reported difficulties with tasks like shopping, chores, cooking meals, and eating out, but reported she was able to complete the tasks.  Tr. 57-61.

On this record, the ALJ reasonably concluded that Plaintiff's activities of daily living are inconsistent with her symptom claims.  This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptom complaints.  Plaintiff is not entitled to remand on these grounds.

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinion of N.K.

ORDER - 18

Marks, Ph.D.[2]  ECF No. 18 at 9-11.

_____

[2] Plaintiff contends the ALJ erred in rejecting treating source opinions, but only

sets forth an argument regarding the ALJ's rejection of the opinion of Dr. Marks,

an examining source.  ECF No. 17 at 9-11.  Plaintiff states the ALJ failed to assign

weight to the opinions of Maria Ello, M.D., and Sally McCallum, M.S., however

Plaintiff cites to over 300 pages of records, without specifying any opinion that

was improperly rejected.  *Id.* at 11.  As Plaintiff did not present an argument

regarding a specific opinion from Dr. Ello nor Ms. McCallum, any challenge to

those findings is waived.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the

merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th

Cir. 1998) (the Court may not consider on appeal issues not "specifically and

distinctly argued" in the party's opening brief).  In the reply brief, Plaintiff argues

the ALJ failed to include a State agency medical consultant's opinion that Plaintiff

is limited to simple routine tasks, and the ALJ instead limited Plaintiff to specific-

vocational preparation (SVP) level three work; however, the ALJ limited Plaintiff

to reasoning level three work, not SVP three work, and the ALJ included a

limitation to simple routine tasks.  ECF No. 20 at 7; Tr. 30.

ORDER - 19

1    There are three types of physicians: "(1) those who treat the claimant

2  (treating physicians); (2) those who examine but do not treat the claimant

3  (examining physicians); and (3) those who neither examine nor treat the claimant

4  [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

5  *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

6  Generally, a treating physician's opinion carries more weight than an examining

7  physician's, and an examining physician's opinion carries more weight than a

8  reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight

9  to opinions that are explained than to those that are not, and to the opinions of

10  specialists concerning matters relating to their specialty over that of

11  nonspecialists."  *Id.* (citations omitted).

12    If a treating or examining physician's opinion is uncontradicted, the ALJ

13  may reject it only by offering "clear and convincing reasons that are supported by

14  substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

15  "However, the ALJ need not accept the opinion of any physician, including a

16  treating physician, if that opinion is brief, conclusory and inadequately supported

17  by clinical findings."  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

18  (9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or

19  examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

20  may only reject it by providing specific and legitimate reasons that are supported

1  by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-

2  31).  The opinion of a nonexamining physician may serve as substantial evidence if

3  it is supported by other independent evidence in the record.  *Andrews v. Shalala*,

4  53 F.3d 1035, 1041 (9th Cir. 1995).

5         On February 25, 2017, Dr. Marks examined Plaintiff and rendered an

6  opinion on Plaintiff's psychological functioning.  Tr. 634-40.  Dr. Marks diagnosed

7  Plaintiff with generalized anxiety disorder, obsessive-compulsive personality

8  disorder, and adjustment disorder with mixed anxiety and depressed mood.  Tr.

9  639.  Dr. Marks opined Plaintiff can carry out simple but not complex directives,

10  her ability to sustain concentration and persist in work-related activities at a

11  reasonable pace is weak, she would have difficulties in persistence, pace, and

12  concentration, her effort would be poor, she is avoidant but socially appropriate,

13  and it would be hard for her to deal with normal pressures in a competitive work

14  setting.  Tr. 639-40.  The ALJ gave Dr. Marks' opinion partial weight.  Tr. 32.  As

15  Dr. Marks' opinion is contradicted by the opinions of Dr. Gollogly, Tr. 82-84, and

16  Dr. Regets, Tr. 113-15, the ALJ was required to give specific and legitimate

17  reasons, supported by substantial evidence, to reject the opinion. *See Bayliss*, 427

18  F.3d at 1216.

19         While the ALJ found Dr. Marks' opinion was largely consistent with the

20  evidence, the ALJ found portions of Dr. Marks' opinion was vague.  Tr. 32.  An

ORDER - 21

1  ALJ may reject a medical opinion if it is conclusory, inadequately supported, or

2  not supported by the record.  *Bray*, 554 F.3d at 1228; *Thomas,* 278 F.3d at 957;

3  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

4  Furthermore, an ALJ may reject an opinion that does "not show how [a claimant's]

5  symptoms translate into specific functional deficits which preclude work activity."

6  *See Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999).

7  The ALJ noted that Dr. Marks did not assign specific limitations to many of

8  Plaintiff's domains of psychological functioning.  Tr. 32.  While Dr. Marks opined

9  it would be hard for Plaintiff to deal with normal pressures in a competitive work

10  setting, she did not explain what specific difficulties Plaintiff would have nor the

11  frequency of the difficulties.  Tr. 32, 640.  Plaintiff argues the ALJ erred by failing

12  to include limitations regarding Plaintiff being off-task or having absences.  ECF

13  No. 17 at 10-11.  However, Dr. Marks did not opine Plaintiff would be off-task a

14  specific amount of time, nor did she opine Plaintiff would be absent from work.

15  Tr. 639-40.  This was a specific and legitimate reason, supported by substantial

16  evidence, to reject Dr. Marks' opinion.

17       Next, Plaintiff argues the ALJ should have developed the record because Dr.

18  Marks' opinion was too vague to incorporate into the RFC.  ECF No. 20 at 6-7.

19  The ALJ has an independent duty to fully and fairly develop a record in order to

20  make a fair determination as to disability, even where, as here, the claimant is

represented by counsel. *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996). "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *See Tonapetyan*, 242 F.3d at 1150 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)).

Here, the ALJ did not find the record was inadequate to allow for proper evaluation of Dr. Marks' opinion. Tr. 32. The ALJ did not find Dr. Marks' opinion ambiguous, but rather found it supported a finding of non-disability. *Id.* Plaintiff's disagreement with the ALJ's conclusions does not make the record ambiguous or inadequate. *See Leitner v. Comm'r Soc. Sec.*, 361 F. App'x 876, 877 (9th Cir. 2010) (the "claimant bears the burden" of establishing that symptoms interfere with his or her ability to "perform basic work activities," and the ALJ, on that record, could make such a determination) (citations omitted). Dr. Marks found Plaintiff capable of performing simple tasks, and found she is socially appropriate; despite Dr. Marks' statements that Plaintiff's concentration and persistence would be weak, and her effort would be poor, the ALJ reasonably found Dr. Marks' opinion was consistent with his analysis of the evidence and a finding of non-disability. Tr. 32, 639-40. Plaintiff is not entitled to remand on these grounds.

ORDER - 23

**C. Step Five**

Plaintiff contends the ALJ erred at step five.  ECF No. 17 at 11-16.  At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran*, 700 F.3d at 389.  In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations.  *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate, detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101.

The hypothetical that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant.  *Bray*, 554 F.3d at 1228.  As discussed above, the ALJ's RFC need only include those limitations found credible and supported by substantial evidence.  *Bayliss*, 427 F.3d at 1217 ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record.").  "If an ALJ's hypothetical does not reflect all of the claimant's

1  limitations, then the expert's testimony has no evidentiary value to support a

2  finding that the claimant can perform jobs in the national economy." *Id*.  However,

3  the ALJ "is free to accept or reject restrictions in a hypothetical question that are

4  not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973

5  (9th Cir. 2006).  Therefore, the ALJ is not bound to accept as true the restrictions

6  presented in a hypothetical question propounded by a claimant's counsel if they are

7  not supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756-

8  57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  A

9  claimant fails to establish that a step five determination is flawed by simply

10  restating argument that the ALJ improperly discounted certain evidence, when the

11  record demonstrates the evidence was properly rejected.  *Stubbs-Danielson v.*

12  *Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

13      Plaintiff contends the ALJ's step five findings were based on an improper

14  RFC formulation and the ALJ should have accounted for additional limitations.

15  ECF No. 17 at 11-16.  Plaintiff argues the ALJ erred by limiting her to reasoning

16  level three work and contends a limitation to "simple routine tasks" necessitates a

17  limitation to reasoning level two or less.  ECF No. 17 at 14.  The ALJ found

18  Plaintiff is capable of performing "simple routine tasks (that would be reasoning

19  level of three or less)."  Tr. 30.  There is a conflict between an RFC limiting an

20  individual to simple, routine tasks and reasoning level three work. *Zavalin v.*

ORDER - 25

1  *Colvin,* 778 F.3d 842, 846 (9th Cir. 2015) (citing *Hackett v. Barnhart,* 395 F.3d

2  1168, 1176 (10th Cir. 2005)).  Defendant concedes the ALJ inaccurately defined

3  reasoning level three work.  ECF No. 19 at 12.  Defendant argues the ALJ intended

4  to find Plaintiff capable of performing reasoning level three work, and not limited

5  to simple routine tasks, and argues the finding is supported by the medical

6  evidence.  *Id.*  However, the ALJ's RFC includes both a limitation to simple

7  routine tasks and reasoning level three work, and it is not clear which limitation the

8  ALJ intended to include in the RFC.  Tr. 30.  As such, the ALJ erred in finding

9  Plaintiff was limited to reasoning level three jobs while simultaneously finding her

10 capable of only simple routine tasks.

11        Further, "when there is an apparent conflict between the vocational expert's

12 testimony and the DOT… the ALJ is required to reconcile the inconsistency."  *See*

13 *Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1003 (9th Cir. 2015) (citing

14 *Zavalin*, 778 F.3d at 846).  The ALJ has an affirmative duty to "ask the expert to

15 explain the conflict and 'then determine whether the vocational expert's

16 explanation for the conflict is reasonable' before relying on the expert's testimony

17 to reach a disability determination."  *Rounds*, 807 F.3d at 1003.

18        Here, the ALJ found Plaintiff is capable of performing representative

19 occupations including document preparer, addresser, and escort vehicle driver.  Tr.

20 34.  The vocational expert was first asked to provide jobs someone could perform

ORDER - 26

who had several limitations including a limitation to simple routine work, with a reasoning level of two.  Tr. 69.  The expert testified she had only two jobs that fit the hypothetical, addresser and tube clerk.  Tr. 69-70.  The ALJ then asked, "What if this hypothetical person, with respect to the types of tasks, is not limited to reasoning level 2.  Like, for example, let's say reasoning level 3."  Tr. 70.  The expert responded the individual could then perform the jobs of document preparer and escort vehicle driver.  *Id.*  The ALJ did not specify to the vocational expert that the hypothetical person was still limited to "simple routine tasks," despite being limited to reasoning level 3 work.  As such, the ALJ's hypothetical was incomplete and the vocational expert's testimony has no evidentiary value.  *See Bayliss*, 427 F.3d at 1217.  The incomplete hypothetical resulted in harmful error, as the ALJ limited Plaintiff to simple routine tasks, yet found Plaintiff capable of performing reasoning level three jobs, based on the vocational expert's testimony.  The ALJ did not inquire into the conflict and thus erred in failing to adequately reconcile the conflict.  *See Rounds*, 807 F.3d at 1003.

This error was not harmless.  Addresser is a reasoning level two job.  Tr. 70, Dictionary of Occupational Titles (DOT), No. 209.587-010, 1991WL 672235. Tube clerk is also a reasoning level two job, but the ALJ did not find Plaintiff capable of performing the position.  Tr. 70, DOT 239.687-014.  Document preparer is reasoning level three.  DOT 249.587-018.  While escort vehicle driver is

ORDER - 27

reasoning level two, the vocational expert testified escort vehicle driver was a job

available at reasoning level three, and when asked to provide jobs for reasoning

level two, she testified she had only two jobs to provide, and escort vehicle driver

was not one of the positions.  Tr. 69-70, DOT 919.663-022.  It is unclear from the

vocational expert's testimony if her opinion is that the escort vehicle driver

position is a reasoning level three job, despite the DOT's classification of the

position as reasoning level two.

Given the expert's unclear testimony, the only job that the ALJ found

Plaintiff capable of performing that is clearly reasoning level two is addresser.  The

vocational expert testified only 6,000 addresser positions exist in the national

economy.  Tr. 70.  The Ninth Circuit has not established a "bright-line rule for

what constitutes a 'significant number' of jobs."  *Beltran*, 700 F.3d at 389.

However, the Ninth Circuit has held the availability of 25,000 national jobs

presents a "close call," but constitutes a significant number of jobs, *Gutierrez v.*

*Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014), and also has held that

the availability of 1,680 national jobs does not constitute a significant number of

jobs.  *Beltran*, 700 F.3d at 390.  The 6,000 addresser jobs fall far below the 25,000

jobs that the Ninth Circuit previously characterized as a close call.  *Gutierrez*, 740

F.3d at 529.  Thus, the undersigned concludes that the availability of 6,000 national

jobs does not constitute a significant number for the purposes of the step five finding, and the ALJ committed harmful error.

On remand, the ALJ is directed to take testimony from a vocational expert to determine whether there are jobs available in significant numbers that Plaintiff is capable of performing, when considering the complete hypothetical.  The ALJ is further directed to resolve any inconsistencies between the vocational expert's testimony and the DOT.

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 17 at 16.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of

ORDER - 29

discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Plaintiff urges remand for immediate benefits based on the rejection of medical opinions, ECF No. 17 at 16. However, the Court finds the ALJ's rejection of Dr. Marks' opinion was supported by substantial evidence and finds Plaintiff did not set forth any specific arguments regarding any other medical opinions, as discussed *supra*. As such, the second prong of the credit-as-true doctrine is not met. Further, additional vocational testimony is needed. The case is remanded for additional proceedings consistent with this Order.

ORDER - 30

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19** is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED May 18, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 31